PHUONG THAI THAN, Appellant,

v.

The STATE of Texas, State.

No. 2–95–035–CR.

Court of Appeals of Texas,
Fort Worth.

March 14, 1996.

From Criminal District Court No. 1, Tarrant County; Sharen Wilson, Judge.

Gwinda L. Burns, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney; Betty Marshall and Charles M. Mallin, Assistant Chiefs of Appellate Section; Debra Ann Windsor, David Hagerman, Assistant Criminal District Attorneys, Fort Worth, for Appellee.

Before DAY, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

Phuong Thai Than was convicted of the May 29, 1993 burglary of a pickup truck and appeals his sentence of ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On June 1, 1993, appellant was charged with the third degree felony in an information and pled guilty on July 2, 1993. He

waived a jury, and the court deferred adjudication of guilt and placed him on six years' probation. A condition of probation was that appellant would not violate any state or federal laws.

In October 1994, the State filed a Petition to Proceed to Adjudication, alleging that on July 26, 1994, appellant violated his probation by committing two crimes—kidnapping and burglary of a habitation. Appellant pled "not true" to those allegations

By written motion, appellant told the court that during his probation, the Legislature had reclassified burglary of a motor vehicle from a third degree felony to a Class A misdemeanor, punishable as a state jail felony instead of by confinement in the penitentiary. He cited the provisions of Senate Bill 1067, which amended numerous sections of the Texas Penal Code. *See* Act effective Sept. 1, 1994, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3637. For the January 4, 1995 hearing, the motion asked the court to *adjudicate* the motor vehicle burglary as a *misdemeanor* offense under the amended law, but asked that it be *punished* as a *state jail felony*.

After hearing evidence, the court found the alleged probation violations to be true, granted the State's petition, and found appellant guilty of burglary of a motor vehicle. The court treated the offense as the third degree felony that it was on the date it happened, May 29, 1993, and sentenced appellant accordingly.

■ Appellant's sole point of error complains that the court erroneously denied his motion to be sentenced for a state jail felony.

Burglary of a motor vehicle was a third degree felony on May 29, 1993. *See* Act effective Sept. 1, 1994, 73rd Leg.R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3634 (current version at TEX.PENAL CODE ANN. § 30.04 (Vernon 1994)). Although the Legislature passed the amendment on the same day appellant burglarized the pickup truck, it did not become effective until September 1, 1994, when burglary of a motor vehicle was reduced from a third degree felony to a Class A misdemeanor. *See* Act effective Sept. 1, 1994, 73rd Leg., R.S., ch. 900, § 1.01, 1993

Tex.Gen.Laws 3586, 3766 (current version at TEX.PENAL CODE ANN. § 30.04(c) (Vernon 1994)).

The Penal Code recognizes the term "Class A misdemeanor" as one of three misdemeanor *categories*. *See* TEX.PENAL CODE ANN. § 12.03(a)(1) (Vernon 1994). When appellant burglarized the pickup truck, the Penal Code did not categorize the offense as a "state jail felony," nor had it been so categorized by January 4, 1995, when appellant was sentenced.

■ The Penal Code also recognizes five *categories* of felonies. The category "state jail felonies" was not part of the code until the legislative amendment (Senate Bill 1067). *See* Act effective Sept. 1, 1994, 73rd Leg.R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3602 (current version at TEX.PENAL CODE ANN. § 12.04(a)(5) (Vernon 1994)). A felony offense may become a "state jail felony" in one of two ways: first, a Penal Code section may *categorize* a felony offense as a state jail felony; second, if the code designates an offense a felony *without* specifying its category, then it *automatically* becomes a state jail felony. TEX.PENAL CODE ANN. § 12.04(a), (b) (Vernon 1994).

Class A misdemeanors and state jail felonies are mutually exclusive categories of offense, and their prescribed punishments are not the same. *See* TEX.PENAL CODE ANN. §§ 12.21, 12.35 (Vernon 1994).

Appellant concedes that Senate Bill 1067 includes the following "savings clauses:"

(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.

(b) An offense committed before the effective date of this article is covered by law in effect when the offense was committed, and the former law is continued in effect for that purpose.

Act effective Sept. 1, 1994, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.Laws 3586, 3705.

■ But appellant argues that these specific savings provisions are overcome by the general savings provision of the Code Construction Act, which provides:

If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

TEX.GOV'T CODE ANN. § 311.031(b) (Vernon 1988).

Appellant contends that because the Penal Code amendment (Senate Bill 1067) reduced the punishment for motor vehicle burglary, his case fits squarely within this provision of the Code Construction Act and entitles him to the benefit of lesser punishment under the new law. We disagree and hold that even though the enactment of Senate Bill 1067 reduced the punishment for motor vehicle burglary, section 311.031(b) of the Government Code does not govern this case. In section 1.18 of article I of Senate Bill 1067, the Legislature made plain that an offense committed before September 1, 1994 would be governed by the Penal Code provisions in effect at the time of the offense. *See* Act effective Sept. 1, 1994, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex.Gen.Laws 3586, 3705.

■ If there is a conflict between a statute that has specific provisions and a statute that has general provisions applicable to the same subject, the specific will prevail, especially when it was enacted later than the general. TEX.GOV'T CODE ANN. § 311.026(b) (Vernon 1988); *Wilson v. State*, 899 S.W.2d 36, 39 (Tex.App.—Amarillo 1995, pet. ref'd.). In this case, the trial court had to follow the instruction of the savings clauses of Senate Bill 1067, which prevail because they are specific and were enacted later than the directive in section 311.031(b) of the Code Construction Act. TEX.GOV'T CODE ANN. § 311.031(b) (Vernon 1988).

We hold that because motor vehicle burglary had not become a Class A misdemeanor as of May 29, 1993, appellant's commission of that offense was a third degree felony. He pled guilty and later was found by the court to have violated his probation terms. We hold that the punishment range for third degree felonies was the proper standard for the trial court's sentence, and the court did not err in denying appellant's motion to be sentenced as a state jail felon. Appellant's point of error is overruled, and the judgment of the trial court is affirmed.

## JUDGMENT

This Court has considered the record on appeal in this case and is of the opinion that there was no error in the judgment of the trial court.

It is the order of this Court that the judgment of the trial court is affirmed and that the appellant pay all costs of the appeal.