TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00670-CR







Timothy John Limon, aka Uncle John, aka Michael Limon, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 97-245-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING








 After convicting appellant of two counts of aggravated sexual assault of a child and
one count of indecency with a child, (1) the jury assessed punishment, enhanced by a prior felony
conviction, at confinement for 99 years for each of the assault convictions and confinement for
twenty years on the indecency count. Appellant asserts that the trial court erred in failing to quash
the enhancement paragraph of the indictment because the use of the prior juvenile conviction for
enhancement purposes was not authorized by law. We will affirm.

 The enhancement paragraph alleged that appellant had been convicted of the felony
offense of burglary in the juvenile court of Kerr County on June 17, 1986. Appellant relies on
section 51.13(d) of the Family Code as amended by Act of June 1, 1997, 75th Leg., R.S., ch.
1086, § 5, 1997 Tex. Gen. Laws 4179, 4183 (eff. Sept. 1, 1997). See Tex. Fam. Code Ann.
§ 51.13 (West Supp. 1999). As amended, section 51.13(d) provides that juvenile conduct 
occurring on or after January 1, 1996, may constitute a felony for enhancement purposes:


(d)  An adjudication under Section 54.03 that a child engaged in conduct that
occurred on or after January 1, 1996, and that constitutes a felony offense resulting
in commitment to the Texas Youth Commission under Section 54.04(d)(2), (d)(3),
or (m) or 54.05(f) is a final felony conviction only for the purposes of Sections
12.42(a)-(c) and (e), Penal Code.



Id. Appellant points out that his juvenile adjudication in 1986 was a decade prior to the January
1, 1996 date provided for in the 1997 amendment.

 The offenses for which appellant was convicted in the instant cause occurred on or
about January 1, 1997. The State contends that the 1997 amendment to section 51.13(d) by the
75th Legislature was prospective, and that this cause is governed by section 51.13(d) as it read
on January 1, 1997. On that date, section 51.13(d) provided:


(d)  An adjudication under Section 54.03 that a child engaged in conduct that
constitutes a felony offense resulting in commitment to the Texas Youth
Commission under Section 54.04(d)(2), (d)(3), or (m) or 54.05(f) is a final felony
conviction only for the purposes of Sections 12.42(a)-(c) and (3), Penal Code.



Act of May 27, 1995, 74th Leg., R.S., ch. 262, § 13, 1995 Tex. Gen. Laws 2517, 2524.

 Appellant recognizes that the law in effect at the time of the offense is usually
controlling. See Tex. Gov't Code Ann. § 311.031(a) (West 1998). However, appellant contends
that he is entitled to the benefit of the Code Construction Act since he was not sentenced until after
the 1997 amendment went into effect. Specifically, appellant relies on Government Code section
311.031(b), that provides:


(b)  If the penalty, forfeiture, or punishment for any offense is reduced by a
reenactment, revision, or amendment of a statute, the penalty, forfeiture, or
punishment, if not already imposed, shall be imposed according to the statute as
amended.



Id. § 311.031(b).

 The 1997 act, House Bill 1550, provides:


 SECTION 53.  (a)  The change in law made by this Act applies only to
conduct that occurs on or after the effective date of this Act. Conduct violating a
penal law of the state occurs on or after the effective date of this Act if every
element of the violation occurs on or after that date.


 (b)  Conduct that occurs before the effective date of this Act is covered by the
law in effect at the time the conduct occurred, and the former law is continued in
effect for that purpose.


* * * * *



 SECTION 55.  (a)  Except as provided by Subsection (b) of this section, this
Act takes effect September 1, 1997.



Act of June 1, 1997, 75th Leg., R.S., ch. 1086, §§ 53, 55, 1997 Tex. Gen. Laws 4179, 4199.

 In Than v. State, 918 S.W.2d 106 (Tex. App.--Fort Worth 1996, no pet.), the
defendant urged that he was entitled to the benefit of the lesser punishment provided by a statutory
amendment enacted subsequent to the charged offense. The following analysis by the Than court
states the guidelines governing the controlling statute:

 If there is a conflict between a statute that has specific provisions and a
statute that has general provisions applicable to the same subject, the specific will
prevail, especially when it was enacted later than the general. Tex. Gov't Code
Ann. § 311.026(b) (Vernon 1988); Wilson v. State, 899 S.W.2d 36, 39 (Tex.
App.--Amarillo 1995, pet. ref'd.). In this case, the trial court had to follow the
instruction of the saving clauses of Senate Bill 1067, which prevail because they
are specific and were enacted later than the directive in section 311.031(b) of the
Code Construction Act. Tex. Gov't Code Ann. § 311.031(b) (Vernon 1988).



Than, 918 S.W.2d at 108.

 The offenses in the instant cause occurred on January 1, 1997. The 1997
amendment limiting the use of juvenile convictions occurring after January 1, 1996 did not become
effective until September 1, 1997. Consequently, the law in effect at the time of the instant
offense, that did not place any limitation on the date the juvenile conviction occurred, controls.

 In addition, it appears that appellant waived any defect in the prior juvenile
conviction by procedural default. Article 1.14(b) of the Code of Criminal Procedure provides:


(b)  If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the
merits commences, he waives and forfeits the right to object to the defect, error,
or irregularity and he may not raise the objection on appeal or in any other
postconviction proceeding. Nothing in this article prohibits a trial court from
requiring that an objection to an indictment or information be made at an earlier
time in compliance with Article 28.01 of this code.



Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 1999). Appellant filed a pretrial motion
to quash the indictment based on the following:  (1) appellant's plea in the 1986 juvenile
proceeding was involuntary; (2) the juvenile court failed to admonish appellant as required by law;
and (3) the effect of the 1995 amendment allowing the use of felony juvenile convictions for
purposes of enhancement could not be used for purposes of enhancement unless the juvenile
conviction occurred after the effective date of the 1995 amendment. It was not until the jury had
returned a verdict of guilty that appellant urged that the 1997 amendment precluded the use of
juvenile convictions that occurred prior to January 1, 1996. Appellant's failure to object to any
defects of substance or form in the charging instrument prior to trial waived the error. See Ex
parte Patterson, 969 S.W.2d 16, 20 (Tex. Crim. App. 1998). Appellant's point of error is
overruled.

 The judgment is affirmed.



 

 Tom G. Davis, Justice

Before Justices Kidd, Patterson and Davis*

Affirmed

Filed: August 12, 1999

Do Not Publish







* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. See Tex. Penal Code Ann. §§ 22.021(a)(1)(B) & 21.11(a)(1) (West 1994 & Supp. 1999).



-family: CG Times Regular"> If there is a conflict between a statute that has specific provisions and a
statute that has general provisions applicable to the same subject, the specific will
prevail, especially when it was enacted later than the general. Tex. Gov't Code
Ann. § 311.026(b) (Vernon 1988); Wilson v. State, 899 S.W.2d 36, 39 (Tex.
App.--Amarillo 1995, pet. ref'd.). In this case, the trial court had to follow the
instruction of the saving clauses of Senate Bill 1067, which prevail because they
are specific and were enacted later than the directive in section 311.031(b) of the
Code Construction Act. Tex. Gov't Code Ann. § 311.031(b) (Vernon 1988).



Than, 918 S.W.2d at 108.

 The offenses in the instant cause occurred on January 1, 1997. The 1997
amendment limiting the use of juvenile convictions occurring after January 1, 1996 did not become
effective until September 1, 1997. Consequently, the law in effect at the time of the instant
offense, that did not place any limitation on the date the juvenile conviction occurred, controls.

 In addition, it appears that appellant waived any defect in the prior juvenile
conviction by procedural default. Article 1.14(b) of the Code of Criminal Procedure provides:


(b)  If the defendant does not object to a defect, error, or irregularity of form or
substance in an indictment or information before the date on which the trial on the
merits commences, he waives and forfeits the right to object to the defect, error,
or irregularity and he may not raise the objection on appeal or