REVISED OCTOBER 16, 2000

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 99-20508

---

JOSE SANTOS,

Plaintiff-Appellee,

versus

JANET RENO, U.S. Attorney General;
RICHARD V. CRAVENER, District Director of the
Houston District of the Immigration and
Naturalization Service,

Defendants-Appellants.

---

Appeal from the United States District Court
for the Southern District of Texas, Houston

---

September 26, 2000

Before GARWOOD, DeMOSS, and PARKER, Circuit Judges.

GARWOOD, Circuit Judge:

The Immigration and Naturalization Service (INS) appeals the district court's grant of the petition for a writ of habeas corpus filed by petitioner-appellee Jose Angel Santos (Santos). We vacate the district court's grant of habeas relief and remand with instructions to dismiss the petition for lack of jurisdiction.

## Facts and Proceedings Below

Santos, a native and citizen of El Salvador, entered the United

States illegally in August 1980. He, however, has been a lawful, permanent resident of the United States since 1987 when he adjusted his status to temporary residency under the amnesty program. On July 22, 1994, Santos pleaded guilty in Texas state court to the offense of burglary of a vehicle committed on or about May 25, 1994, and was sentenced to five years' deferred adjudication of guilt and placed on probation.[1] In October 1995, Santos violated the terms of his probation and was sentenced to two years' imprisonment.

On November 15, 1996, the INS charged Santos with deportability as an alien who had been convicted of an aggravated felony, based on his conviction of burglary of a vehicle. *See* 8 U.S.C. § 1227(a)(2)(A)(iii).[2] In response to the INS's charge, Santos did not contest his deportability for having committed an aggravated felony, but

---

[1] Texas Penal Code § 30.04, as applicable at the time of Santos's conviction and at the time of his commission of the offense, proscribed burglary of a vehicle as follows:

> "(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.
> (b) For purposes of this section, 'enter' means to intrude:
>> (1) any part of the body; or
>> (2) any physical object connected with the body.
> (c) An offense under this section is a felony of the third degree." TEX. PENAL CODE ANN. § 30.04 (1987).

In 1993, the statute was amended to treat the offense as a Class A misdemeanor, effective September 1, 1994. *See* TEX. PENAL CODE ANN. § 30.04(c) (1994); *see also* TEX. PENAL CODE ANN § 30.04(d) (2000).

[2] The charges against Santos, filed by the INS in 1996, alleged that he was deportable under 8 U.S.C. § 1251(a)(2)(A)(iii), which has since been transferred to 8 U.S.C. § 1227(a)(2)(A)(iii).

rather sought discretionary relief from deportation under former section 212(c) of the Immigration and Nationality Act (INA), which, before being repealed in 1996, gave the Attorney General discretion to waive deportation for some long-time legal permanent residents. *See* INA § 212(c) (formerly codified at 8 U.S.C. § 1182(c) (1994)). After conducting a hearing on December 16, 1996, the immigration judge (IJ) found Santos to be deportable as an aggravated felon and ineligible for discretionary relief under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[3] Santos then appealed to the Board of Immigration Appeals (BIA), arguing that he had suffered a constitutional deprivation by AEDPA's rendering him ineligible for discretionary relief from deportation. On July 13, 1998, the BIA dismissed his appeal, and Santos filed a petition for review of the BIA's decision with this Court, arguing for the first time that his conviction of burglary of a vehicle does not render him deportable, because the Texas legislature had reclassified burglary of a vehicle as a misdemeanor effective after his conviction but before his deportation proceedings commenced. The INS moved this Court to dismiss Santos's petition for review, asserting that section 309(c)(4)(G) of the Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA) precluded consideration of a petition for

---

[3] As amended by AEDPA § 440(d), 8 U.S.C. § 1182(c) provides that "[t]his subsection shall not apply to an alien who is deportable by reason of having committed any criminal offense covered in section 241(a)(2)(A)(iii) [now codified at 8 U.S.C. § 1227(a)(2)(A)(iii)] . . .." 8 U.S.C. § 1182(c) (1994). Because Santos was found to have committed an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii), he was subject to this limitation on discretionary relief.

3

review by an alien who had been found deportable for having committed an aggravated felony. In response, Santos maintained that burglary of a vehicle is not a felony and, therefore, cannot constitute an aggravated felony. In an unpublished opinion, this Court granted the INS's motion, dismissing Santos's petition for review for lack of jurisdiction. *Santos v. INS*, No 98-60492 (5th Cir. Sept. 1, 1998) (*per curiam*).

Following the dismissal of his petition for review, Santos filed in the court below a petition for habeas corpus under 28 U.S.C. § 2241 and a request for a stay of his deportation order. In his habeas petition, Santos made two arguments: (1) burglary of a vehicle was not an aggravated felony; and (2) the BIA's construction of AEDPA that deportable aliens convicted of an aggravated felony were ineligible for discretionary relief was irrational and violated equal protection. At the hearing on his petition, Santos withdrew his second argument. Before the district court, the INS contended that 8 U.S.C. § 1105a(c) prevented the district court from considering Santos's argument that his offense was not an aggravated felony, because this Court's dismissal of his petition for review for lack of jurisdiction necessarily decided that burglary of a vehicle was an aggravated felony. On May 23, 1999, the district court rejected the INS's argument that it was without jurisdiction and granted Santos's petition, finding he had a likelihood of succeeding on the merits of his claim that burglary of a vehicle is not an aggravated felony. Accordingly, the district court issued a stay

4

of deportation and remanded to the BIA for consideration of Santos's claim. The INS timely appealed to this Court.

## Discussion

The INS argues that the district court committed two errors in granting Santos habeas relief: (1) deciding that it had jurisdiction to consider Santos's section 2241 habeas petition[4]; and (2) finding that Santos had a likelihood of succeeding on the merits of his claim that burglary of a vehicle is not an aggravated felony. We review both issues *de novo*. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 302 (5th Cir. 1999). We first consider whether the district court had jurisdiction to consider Santos's section 2241 petition. As Santos was the party seeking to invoke federal jurisdiction, he bears the burden

---

[4] 28 U.S.C. § 2241 provides in part:
"(c) The writ of habeas corpus shall not extend to a prisoner unless–
    (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
    (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment, or decree of a court or judge of the United States; or
    (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
    (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order, or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
    (5) It is necessary to bring him into court to testify or for trial."

of demonstrating that jurisdiction was proper. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

Initially, we must determine the legal regime governing Santos's deportation. "After IIRIRA, two sets of rules–transitional and permanent–are available to govern immigration proceedings, depending on their timing." *Requena-Rodriguez,* 190 F.3d at 302. IIRIRA's transitional rules apply to removal proceedings that commence before April 1, 1997 and conclude more than thirty days after September 30, 1996. *See Lerma de Garcia v. INS*, 141 F.3d 215, 216 (5th Cir. 1996). As Santos's deportation proceeding commenced in 1996 and did not conclude until July 1998, IIRIRA's transitional rules govern. *See Requena-Rodriquez*, 190 F.3d at 302-03; IIRIRA §§ 309(a) & (c)(1).

In *Requena-Rodriguez*, we considered the extent of section 2241 habeas jurisdiction under IIRIRA's transitional rules. Like Santos, Requena-Rodriguez was charged with deportability for having committed an aggravated felony. *See Requena-Rodriguez*, 190 F.3d at 302. After an immigration judge and the BIA found him to be deportable and ineligible for discretionary relief, this Court denied Requena-Rodriguez's petition for review. *See id*. Requena-Rodriguez then filed a section 2241 petition in district court, arguing that AEDPA's withdrawal of discretionary relief to deportable aliens could not be applied retroactively against him and violated equal protection. *See id*. Accepting the magistrate court's recommendation, the district court concluded that it had jurisdiction to consider Requena-Rodriguez's

6

challenges, but that they were meritless. *See id*. Requena-Rodriguez

then appealed to this Court.

We affirmed the district court's conclusion that it had

jurisdiction over Requena-Rodriguez's section 2241 petition. First, we

determined that the limits on judicial review contained in 8 U.S.C. §

1252(g)[5], which apply to transitional cases, did not govern Requena-

Rodriguez's challenge to his final deportation order. *See id*. at 303;

*see also Zadvydas v. Underdown*, 185 F.3d 279, 285-86 (5th Cir. 1999),

*petition for cert. filed*, No. 99-7791 (Jan. 11, 2000) (determining that

section 1252(g) did not bar challenges to the validity of statutes

authorizing the detention of aliens). Second, we held that, where 8

U.S.C. 1252(g) does not limit judicial review, section 2241 habeas

jurisdiction remains "under IIRIRA's transitional rules in cases

involving final orders of deportation against criminal aliens, and that

habeas jurisdiction is capacious enough to include constitutional and

statutory challenges if those challenges cannot be considered on direct

---

[5] 8 U.S.C. § 1252(g) reads:
　　　"Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."
In *Reno v. American-Arab Anti-Discrimination Commission*, 119 S.Ct. 936 (1999), the Supreme Court explained that § 1252(g) was not a general bar, but rather limited judicial review only to a narrow class of discretionary executive decrees, decisions or actions to commence proceedings, adjudicate cases, or execute removal orders. *See id.* at 943.

review by the court of appeals." *Requena-Rodriguez*, 190 F.3d at 305[6];

*see also Rivera-Sanchez v. Reno*, 198 F.3d 545, 547-48 (5th Cir. 1999)

(*per curiam*).

In the present case, the INS relies on *Requena-Rodriguez* and 8

U.S.C. § 1105a(c), arguing that section 2241 jurisdiction is not

available for a claim, such as Santos's, that can be considered on

direct review by this Court.  The INS contends that Santos's argument

that burglary of a vehicle is not an aggravated felony not only could

have been presented to this Court in his petition for review, but was

in fact considered and rejected by this Court.  Therefore, the INS

concludes that Santos cannot now seek collateral review of that

determination.  We agree.

Although IIRIRA repealed 8 U.S.C. § 1105a(c), *see* IIRIRA § 306(b),

the transitional rules governing judicial review set forth in IIRIRA §

309(c)(4)[7] incorporate Immigration and Nationality Act § 106(c),

---

[6] We then considered, and rejected, Requena-Rodriguez's claims that AEDPA's elimination of discretionary relief for deportable aliens was impermissibly retroactive and violated equal protection. *See id.* at 307-10; *see also Alfarache v. Cravener*, 203 F.3d 381, 383-85 (5th Cir. 2000) (*per curiam*), *petition for cert. filed*, 68 U.S.L.W. 3713 (May 10, 2000) (No. 99-1789) (holding that AEDPA's limits on discretionary relief were not impermissibly retroactive and did not violate equal protection or due process, and that AEDPA's expanded definition of "aggravated felony" applied to pre-AEDPA convictions).

[7] IIRIRA § 309(c), reprinted in the statutory notes to 8 U.S.C. § 1101, reads:
"In the cases described in paragraph (1) in which a final order of exclusion or deportation is entered more than 30 days after the date of the enactment of this Act, notwithstanding any provision of section 106 of the Immigration and Nationality Act (as in effect as of the date

codified at 8 U.S.C. § 1105a(c).  *See Lara v. Trominski*, ___ F.3d ____,

No. 99-41434 (5th Cir. July 10, 2000); *Bernal-Vallejo v. INS*, 195 F.3d

56, 64 (1st Cir. 1999); *Sofinet v. INS*, 188 F.3d 703, 708 (7th Cir.

1999); *Hose v. INS*, 180 F.3d 992, 996 (9th Cir. 1999) (*en banc*).

Accordingly, Santos's petition is subject to 8 U.S.C. § 1105a(c).  Under

---

of the enactment of this Act) to the contrary–
     (A) in the case of judicial review of a final order of exclusion, subsection (b) of such section shall not apply and the action for judicial review shall be governed by the provisions of subsections (a) and (c) of such in the same manner as they apply to judicial review of orders of deportation;
     (B) a court may not order the taking of additional evidence under section 2347(c) of title 28, United States Code;
     (C) the petition for judicial review must be filed not later than 30 days after the date of the final order of exclusion or deportation;
     (D) the petition for review shall be filed with the court of appeals for the judicial circuit in which the administrative proceedings before the special inquiry officer or immigration judge were completed;
     (E) there shall be no appeal of any discretionary decision under section 212(c), 212(h), 212(i), 244, or 245 of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act);
     (F) service of the petition for review shall not stay the deportation of an alien pending the court's decision on the petition, unless the court orders otherwise; and
     (G) there shall be no appeal permitted in the case of an alien who is inadmissible or deportable by reason of having committed a criminal offense covered in section 212(a)(2) or section 241(a)(2)(A)(iii), (B), (C), or (D) of the Immigration and Nationality Act (as in effect as of the date of the enactment of this Act), or any offense covered by section 241(a)(2)(A)(ii) of such Act (as in effect on such date) for which both predicate offenses are, without regard to their date of commission, otherwise covered by section 241(a)(2)(A)(i) of such Act (as so in effect)."

9

8 U.S.C. § 1105a(c)[8], the district court could not entertain Santos's petition unless it raised new grounds which could not have been presented to the BIA or to this Court on the prior appeal. *See Garcia v. Boldin*, 691 F.2d 1172, 1180 (5th Cir. 1982).[9] We now address whether Santos's claim could have been presented to this Court in his petition for review.

In response to Santos's petition to this Court for review of the BIA's decision, the INS moved that the petition be dismissed for lack of jurisdiction pursuant to IIRIRA § 309(c)(4)(G), which provides that there "shall be no appeal permitted" in the case of an alien who is

---

[8]     8 U.S.C. § 1105a(c) provides in pertinent part: "No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents ground which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order."

[9]  In *Garcia*, we addressed whether the § 2241 petition filed by Garcia and his family raised any new grounds which could not have been raised in a prior proceeding.  The Garcias argued that three such grounds did exist.  With regard to the first ground, alleged untimeliness of the INS's appeal to the BIA, we concluded that it could have been raised in Garcia's petition for review. *See id*. at 1181.  The second ground, procedural errors committed by the INS during the pendency of his deportation proceedings deprived him of a fair hearing, "could have been considered by the [BIA] and by this Court on the prior review." *Id*. at 1182.  And, as to third claim, the failure to include Mrs. Garcia and Garcia's children as parties in the deportation proceedings meant that their interests were not adjudicated or considered, we held that their interests were recognized and considered before the IJ and the BIA and that they lacked standing to challenge Garcia's deportation order by a petition for habeas corpus. *See id*. at 1182-83.  Accordingly, we affirmed the district court's denying the petition and dismissing the cause.

10

deportable by reason of having committed any of a series of designated criminal offenses, including those covered in INA § 241(a)(2)(A)(iii), now codified at 8 U.S.C. § 1227(a)(2)(A)(iii)–the provision under which Santos was found to be subject to deportation.[10] We granted the INS's motion and dismissed Santos's petition for review. In doing so, we necessarily considered the three prerequisites for review preclusion under IIRIRA § 309(c)(4)(G): (i) Santos was an alien; (ii) he was deportable; (iii) he committed a crime covered in INA § 241(a)(2)(A)(iii). *See Camacho-Marroquin*, 188 F.3d 649, 651 (5th Cir. 1999) (*per curiam*) (citing *Yang v. INS*, 109 F.3d 1185, 1192 (7th Cir. 1997)). Accordingly, in dismissing Santos's petition for review, we determined that burglary of a vehicle is an aggravated felony–the very finding Santos challenges in his section 2241 petition.[11] Santos has

---

[10] Santos's deportation order required that only three elements be established: (1) he was an alien; (2) he was convicted of an aggravated felony; and (3) the conviction occurred after he was admitted. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

[11] Although not contested by Santos, we note that in ruling on the INS's motion to dismiss his petition, we had jurisdiction, and were required, to decide whether burglary of a vehicle constitutes an aggravated felony, as the resolution of that issue was a jurisdictional fact. *See Camacho-Marroquin*, 188 F.3d at 651 (citing *Yang*, 109 F.3d at 1192); *Lopez-Elias v. Reno*, 209 F.3d 788 at 791 & n.3 (5th Cir. 2000); *Ruiz-Romero v. Reno*, 205 F.3d 837 (5th Cir. 2000); *Okoro v. INS,* 125 F.3d 920, 925 & n.10 (5th Cir. 1997); *Anwar v. INS*, 116 F.3d 140, 143-44 (5th Cir. 1997). *See also Scherbatskoy v. Halliburton Co.*, 125 F.3d 288, 290 (5th Cir. 1997) ("This court necessarily has the inherent jurisdiction to consider its own jurisdiction.") (footnote omitted); 13A Charles Alan Wright et al., Federal Practice and Procedure § 3536, at 535 (2d ed. 1984) ("'Jurisdiction to determine jurisdiction' refers to the power of a court to determine whether it has jurisdiction over the parties to and the subject matter of a suit. If the jurisdiction of a federal

therefore failed to establish that the ground raised in his petition for habeas corpus could not have been raised earlier, and we find no basis for holding that the remedy provided by the prior proceedings was inadequate or ineffective to test the validity of his deportation order. 8 U.S.C. § 1105a(c) (1994).

Our conclusion comports not only with the mandates of 8 U.S.C. § 1105a(c) and *Garcia*, but also with our recent decision in *Requena-Rodriguez*, in which we held "only that under the transitional rules, habeas jurisdiction lies to consider constitutional and statutory claims that cannot be heard in this court on direct review." *Requena-Rodriguez*, 190 F.3d at 309-10.[12] Because Santos's claim that burglary of a vehicle is not an aggravated felony could have been, and indeed had to have been (and in fact was), considered by this Court in resolving his petition for review, the district court did not have jurisdiction to entertain it in Santos's habeas petition.[13]

---

court is questioned, the court has the power and the duty, subject to review, to determine the jurisdictional issue.") (footnotes omitted).

[12] Because Requena-Rodriguez conceded that his convictions were aggravated felonies rendering him deportable, *see Requena-Rodriguez*, 190 F.3d at 302, we did not have occasion to address whether 8 U.S.C. § 1105a(c) would preclude a § 2241 habeas petition challenging the BIA's conclusion that a criminal offense constitutes an aggravated felony.

[13] Even were we to conclude that the district court had jurisdiction to consider Santos's § 2241 petition, we would reverse the district court's grant of habeas relief, because Santos does not have a substantial likelihood of prevailing on the merits of his argument that his Texas state offense of burglary of a vehicle is not an aggravated felony qualifying him for deportation. After the district court granted Santos habeas relief, we decided *Lopez-Elias v. INS*, 209 F.3d 788 (5th Cir. 2000), which forecloses Santos's argument.

12

The INS had ordered Lopez-Elias deported as an alien who had committed an aggravated felony, burglary of a vehicle in Texas. *See id*. at 790. Lopez-Elias then filed a petition for review in this Court, and the INS moved for this Court to dismiss the petition on the basis that we were without jurisdiction to consider a petition for review from an alien who was ordered deportable for having committed an aggravated felony, as required under IIRIRA's permanent rules. *See id*. We then proceeded to consider whether Lopez-Elias's conviction of burglary of a vehicle was an aggravated felony under 8 U.S.C. § 1101(a)(43). *See id*. at 791. Although we concluded that "burglary of a vehicle" did not constitute a theft or burglary offense under 8 U.S.C. § 1101(a)(43)(G), we did hold that "burglary of a vehicle" qualified as an aggravated felony under 8 U.S.C. § 1101(a)(43)(F), which provides that the term "aggravated felony" includes "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." *See Lopez-Elias*, 209 F.3d at 791-93. Because burglary of a vehicle involves "a substantial risk" that physical force may be used against another's property, it is a "crime of violence" as defined in 18 U.S.C. § 16. *See id*. at 792 ("[B]urglary of a vehicle does constitute a 'crime of violence.'"). Moreover, a conviction for burglary of a vehicle carries a term of imprisonment of at least one year and, therefore, constitutes an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F), justifying deportation under 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").

We determined that burglary of a vehicle was an aggravated felony despite the Texas legislature's reclassification of burglary of a vehicle as a misdemeanor effective September 1, 1994 (after Lopez-Elias's conviction but before his removal proceedings commenced), because "[h]ow Texas characterizes the offense does not control federal immigration law . . . for federal law looks only to the term of imprisonment [which must be at least one year], and not state law, to ascertain whether the offense is a 'felony.'" *Lopez-Elias*, 209 F.3d at 792 n.6 (citations omitted). Even looking to Texas law, the reclassification does not aid Lopez-Elias, or Santos, who both committed their crimes and were convicted before the effective date of the amendment–September 1, 1994. The 1993 act amending Texas Penal Code § 30.04 provides that:

> "(a) The change in law made by this article applies only to an offense committed on or after the effective date of this article. For purposes of this section, an offense is committed before the effective date of this article if any element of the offense occurs before the effective date.
>
> (b) An offense committed before the effective date of this article is covered by the law in effect when the offense

13

## Conclusion

Accordingly, we VACATE the district court's grant of Santos's section 2241 petition and REMAND with instructions to dismiss the petition for lack of jurisdiction.

---

was committed, and the former law is continued in effect for that purpose." Act effective Sept. 1, 1994, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705.

Texas courts have interpreted the amendment to mean that convictions entered before the 1994 amendment remain felony convictions and did not become Class A misdemeanors with the passage of the amendment. *See Than v. State*, 918 S.W.2d 106, 108 (Tex. App.—Fort Worth 1996, no pet.); *Delgado v. State*, 908 S.W.2d 317, 318-19 (Tex. App.—El Paso 1995, pet. ref'd).

In the present case, Santos was convicted of burglary of a vehicle and sentenced to five years' deferred adjudication. Therefore, his offense constitutes a crime of violence under 8 U.S.C. § 1101(a)(43)(F). *See Lopez-Elias*, 209 F.3d at 792-93. Accordingly, Santos is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony. *See id.*