

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2002

# Chukwuezi v. Ashcroft

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Chukwuezi v. Ashcroft" (2002). *2002 Decisions.* Paper 635.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/635

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 01-2575, 01-2863
_____

KINGSLEY CHUKWUEZI,
                                        Appellant
                    v.

JOHN ASHCROFT, Attorney General
US ATTORNEY GENERAL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. Civil No. 99-cv-02020)
District Judge: Hon. Thomas I. Vanaskie, Chief Judge
_____

Argued: May 24, 2002
_____

Before: ALITO, McKEE, and WALLACE[*] Circuit Judges.

(Opinion Filed: October 4, 2002)

Daniel I. Siegel, Esq.
Office of Federal Public Defender
100 Chestnut Street
Suite 306
Harrisburg, PA 17101

Melinda C. Ghilardi Esq. (argued)

---

[*]The Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

Office of the Federal Public Defender
116 North Washington Avenue
Kane Professional Building, Suite 2C
Scranton, PA 18503
        *Counsel for Appellant Kingsley Chukwuezi*

Mary Jane Candaux Esq. (argued)
U.S. Department of Justice
Office of Immigration Litigation
Ben Franklin Station
P. O. Box 878
Washington, DC 20044
        *Counsel for Appellee Attorney General John Ashcroft*

———————

OPINION OF THE COURT

———————

McKEE, Circuit Judge.

Kingsley Chukwuezi, a citizen of Nigeria, appeals the District Court's denial of his petition for a writ of *habeas corpus*. Chukwuezi claims that retroactive application of the Immigration and Nationality Act, ("INA") as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 *et. seq.* (1996), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009-546 *et. seq.* was improper. For the reasons that follow, we will affirm.

**I.**[1]

———————

[1]    Inasmuch as we write only for the parties, we will set forth the factual and rather intricate procedural history in explaining our holding only to the extent necessary to assist our discussion.

2

Chukwuezi was lawfully admitted into the United States as a non-immigrant visitor on September 21, 1990, and he became a lawful temporary resident of the United States on December 22, 1992.  On March 31, 1995, he was interviewed by an INS agent as part of a criminal investigation being conducted by the INS.  Chukwuezi executed INS Form I-214 as part of that interview. That form was entitled "Waiver of Rights," and it explained various rights the signatory was waiving by participating in the interview.  Those rights included the rights usually referred to as *"Miranda* rights."[2]  By signing the form, Chukwuezi agreed to proceed with the interview and answer questions.   In doing so, he was aware of his constitutional rights, including the right to remain silent and the right to counsel, and he also knew that any statements he made during the interview could be used against him in any subsequent court or immigration proceeding.

On May 14, 1997, Chukwuezi was granted lawful permanent resident status. However, on June 16, 1997, he was charged with two counts of possessing forged or counterfeited alien registration cards, social security cards and other forged government documents in violation of 18 U.S.C. § 1546(a) in the District of Maryland.  He was found guilty of those charges on October 30, 1997, and subsequently sentenced to 18 months imprisonment.

Upon completion of that sentence in May of 1999, the INS served Chukwuezi with a Notice to Appear charging him with being deportable as an alien convicted of an aggravated

---

[2] *See  Miranda v. Arizona*, 384 U.S. 436 (1966)

3

felony pursuant to 8 U.S.C. §§ 1227(a)(2)(A)(iii) & 1101(a)(43)(P). An Immigration Judge subsequently ruled that Chukwuezi's conviction made him deportable as an "aggravated felon" and ordered his removal to Nigeria. The judge also concluded that Chukwuezi was ineligible for Cancellation of Removal because his conviction constituted an aggravated felony. The Immigration Judge also held that Chukwuezi was not eligible for a waiver under INA § 212(c), formerly codified at 8 U.S.C. § 1182(c), because that provision had been repealed before Chukwuezi was placed into removal proceedings. Chukwuezi appealed to the Board of Immigration Appeals, and while that appeal was pending, he also filed a petition for a writ of *habeas corpus* in the District Court. Although the District Court addressed some of the procedural claims Chukwuezi asserted in his *habeas* petition, the court did not address the merits of his challenge to being classified as an aggravated felon because the court believed that that issue was still pending before the Board.

The Board subsequently affirmed the Order of Removal, and Chukwuezi attempted to appeal the Board's ruling directly to this court as a "final order" of removal. However, by order dated August 2, 2001, we granted the INS' motion to dismiss his petition for review. In dismissing his petition, we stated that we "lacked jurisdiction over Chukwuezi's petition for review because he is an aggravated felon and he has failed to allege facts that would impeach that conclusion." *Chukwuezi v. INS*, No. 00-1707 (citing *Drakes v. Zimski*, 240 F.3d 246, 247 (3d Cir. 2001)). App. at 581.

The District Court denied Chukwuezi's amended *habeas* petition in all respects,

4

except that the court granted Chukwuezi a hearing on his due process challenge to his continued detention, and this appeal of the District Court's denial of his petition for *habeas* relief is now before us.

## I.

The District Court held that Chukwuezi's conviction for violating 18 U.S.C. § 1546(a) after the effective date of IIRIRA, (September 30, 1996), brought him within the definition of "aggravated felony." The District Court also relied on our opinions in *Steele v. Blakman*, 236 F.3d 130, 132 (3d Cir. 2001); *DeSousa v. Reno*, 190 F.3d 175, 178-79 (3d Cir. 1999); and *Scheidemann v. INS*, 83 F.3d 1517, 1522 (3d Cir. 1996); holding that Chukwuezi was not entitled to the discretionary relief previously available under INA § 212(c) even though he committed his offense before that provision was repealed. Dist. Ct. Op. at 18-19. In addition, as noted above, the District Court relied upon *Drakes v. Zimski*, 240 F.3d 246 (3d Cir. 2001), in refraining from deciding if Chukwuezi's conviction qualified as an "aggravated felony" because Chukwuezi's appeal to the BIA appeared to still be pending. *Id.*[3]

Chukwuezi presents two issues to us on appeal. He first contends that the definition of "aggravated felon" as revised and expanded by AEDPA and IIRIRA, cannot be applied to

---

[3] The District Court also declined review of the BIA decision concerning a claim Chukwuezi asserted under the Convention Against Torture, because he did not assert a violation of a constitutional right. The Court held that it therefore lacked jurisdiction. 28 U.S.C. § 2241. The District Court also dismissed his due process claim. Chukwuezi does not contest either of these decisions on appeal.

him because he committed his offense before the definition of "aggravated felony" was changed. He also contends that he is entitled to seek relief under the former INA § 212(c). We address each contention in turn.[4]

## II.

Chukwuezi argues that because the government contacted him in 1995 and he signed the I-214 waiver prior to the IIRIRA amendments changing the definition of "aggravated felon," only the pre-IIRIRA definition applies to him. We disagree.

IIRIRA became effective on September 30, 1996. Section 321(a)(3) of IIRIRA amended INA § 101(a)(43)(P) to extend the term "aggravated felony" to any violation of § 1546(a) for which the term of imprisonment was at least 12 months. 8 U.S.C. § 1101(a)(43)(P). As noted above, Chukwuezi was convicted of Fraud and Misuse of an Alien Registration Card in violation of 18 U.S.C. § 1546(a), and this conviction resulted in a term of imprisonment of 18 months. Thus, under the current definition, it is clear that Chukwuezi would qualify as an aggravated felon, though he would not have qualified before the definition was broadened.

Chukwuezi argues that he was arrested and detained by the INS on March 31, 1995, (when he signed a Waiver of Rights Form I-214), and he committed his felony offense in

---

[4] Chukwuezi filed a *pro se* Notice of Appeal on June 13, 2001. Subsequently, his appointed counsel, the Federal Public Defender, filed a Notice of Appeal on his behalf on June 22, 2001. Those two appeals have been consolidated.

The INS already removed Chukwuezi from the United States to Nigeria on September 30, 2001, however, this in no way affects our resolution of the issues he is raising on appeal.

1995.  Therefore, he insists that the applicable law is that which existed in 1995, and he does not qualify as an aggravated felon under the statute as it existed then.  If Chukwuezi is not an aggravated felon, he may be considered for "Cancellation of Removal" under INA § 240A(a), 8 U.S.C. § 1229b(a).

The Attorney General contends that the August 2, 2001, order of the motions panel of this court rejecting his earlier appeal is conclusive, and binds our resolution of Chukwuezi's retroactivity argument citing *Gavilan-Cuate v. Yetter*, 276 F.3d 418, 420 (8th Cir. 2002) ("Because our dismissal [of the petition for review] was premised on the fact that Gavilan-Cuate was convicted of an aggravated felony, that decision is binding on this [habeas appeal]."); and *Santos v. Reno*, 228 F.3d 591, 597 (5th Cir. 2000).  Chukwuezi counters by attempting to distinguish his appeal from the circumstances in *Gavilan-Cuarte* and *Santos* based upon a purported procedural distinction between the posture of his appeals and the procedural posture in *Gavilan-Cuarte* and *Santos*.  As noted above, Chukwuezi's *habeas* petition was pending in the District Court when a motions panel of this court dismissed his earlier appeal based upon the panel's conclusion that Chukwuezi's status as an aggravated felon precluded this court's jurisdiction.  That is the distinction Chukwuezi argues upon us.  However, Chukwuezi has not explained why that distinction between this case and the procedural posture in *Gavilan-Cuarte* and *Santos*, makes a difference.  Moreover, we do not think that it does, and the motion court's determination is therefore now the law of the case. *See* generally James Wm. Moore, Jo Desha Lucas & Thomas S. Currier, 1B *Moore's Federal Practice* ¶¶ 0.404[1] (Matthew Bender, 2d ed.

7

1992) cited in *In re School Asbestos Litigation*, 977 F.2d 764, 788, n. 32 (3d Cir. 1992) (decision of motions panel to merely refer matter to a merits panel did not constitute law of the case because the order transferring the matter decided only that the merits panel would decide all legal issues in the case.).

Moreover, we need not even address Chukwuezi's attempted distinction of *Gavilan-Cuate*, and *Santos* because we have already decided the issue of the retroactive application of the Immigration Act amendments against him. *See DeSousa* 190 F.3d at 187, and *Scheidemann,* 83 F.3d at 1520. Other Circuit Courts of Appeals that have addressed this issue have reached the same conclusion. *See Mohammmed v. Ashcroft*, 261 F.3d 1244, 1250 (11th Cir. 2001) ("It is hard to imagine a clearer statement of Congressional intent to apply the expanded definition of aggravated felony to convictions . . . pre-dating IIRIRA."); *Sousa v. INS*, 226 F.3d 28, 32-33 (1st Cir. 2000); *Aragon-Ayon v. INS*, 206 F.3d 847, 853 (9th Cir. 2000) ("We are satisfied that Congress intended the 1996 amendments to make the aggravated felony definition apply retroactively to all defined offenses whenever committed, and to make aliens so convicted eligible for deportation notwithstanding the passage of time between the crime and the removal order."); *Mendez-Morales v. INS*, 119 F.3d 738 (8th Cir. 1997).

Accordingly, Chukwuezi's challenge to the retroactive application of AEDPA's expanded definition of "aggravated felony" fails.

## III.

Chukwuezi's claim that he is nevertheless entitled to discretionary relief from

8

deportation under the former INA § 212(c) must also fail. Section 212 of the INA, 8 U.S.C. § 1182, excludes certain classes of aliens from readmission to the United States. Section 212(c), (the waiver provision), previously provided that

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General . . . .

8 U.S.C. § 1182(c) (repealed). Thus, by its terms, § 212(c) applied only to exclusion proceedings involving aliens who "temporarily proceed abroad." *Id.* However, "§ 212(c) has been interpreted by the [BIA] to authorize any permanent resident alien with 'a lawful unrelinquished domicile of seven consecutive years' to apply for a discretionary waiver from deportation." *INS. v. St. Cyr*, 533 U.S.289, 294 (2001) (citing *Matter of Silva*, 16 I. & N. Dec. 26, 30, 1976 WL 32326 (1976)).

Chukwuezi's argument against the retroactive denial of § 212(c) relief is based upon his claim that he relied upon the availability of that relief when he waived his rights by executing Form I-214 in 1995, and submitting to questioning by INS agents. This claim is based upon the Supreme Court's holding in *St. Cyr*.

There, the alien pled guilty to a criminal offense before the effective date of IIRIRA and the repeal of § 212(c). Thus, at the time of his plea, he was deportable but under § 212(c), he was eligible for a waiver of deportation. Deportation proceedings were initiated after the effective date of AEDPA and IIRIRA, and St. Cyr challenged the deportation arguing that he could not be denied the possibility of a § 212(c) waiver because he relied

9

upon it in entering his guilty plea. The Supreme Court agreed. The Court held that subsequent repeal of § 212(c) could not be enforced against St. Cyr because he had entered his guilty plea in reliance upon the possibility of subsequently obtaining that relief. The Court concluded that subsequent legislative enactments could not interfere with the "*quid pro quo*" that is endemic to guilty pleas. 533 U.S. at 322. However, this case is not *St. Cyr*, because Chukwuezi can not establish the reliance that was so crucial to the Court's ruling in *St. Cyr*.

As noted, Chukwuezi argues that his 1995 INS interrogation constituted the initiation of removal hearings and that the governing law must therefore be the law in effect when he waived his rights by executing INS Form I-214 and submitting to questioning.[5] However, Chukwuezi concedes in his brief that he first came to the United States on September 21, 1990. Appellant's Br. at 11. Therefore, even assuming that his March 31, 1995 interrogation constitutes the beginning of removal proceedings, he had then established only four and one-half consecutive years of lawful unrelinquished domicile.[6] Accordingly, he was not eligible for § 212(c) relief when questioned in 1995 because he had not yet satisfied the seven year domiciliary requirement. Thus, unlike the alien in *St. Cyr*, Chukwuezi can not establish that he surrendered any constitutional rights in reliance upon statutory relief that was subsequently repealed. Simply put, Chukwuezi "would [not]

---

[5] *See* Appellant's Br. at 17.

[6] He was not lawfully admitted for permanent residence until May 14, 1997.

have been eligible for § 212(c) relief at the time" he was interviewed by the INS, and he therefore can not establish that he relied on any such relief in waiving his rights. 533 U.S. at 326.

Accordingly, he is not eligible for a § 212(c) waiver in any event, and the District Court properly denied his request for relief.

V.

For the foregoing reasons, we will affirm the decision of the District Court.

_____

TO THE CLERK:

Please file the foregoing precedential opinion.

    /s/ Theodore A. McKee
Circuit Judge