# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 99-60757
_____

RICARDO LOPEZ-ELIAS,

Petitioner,

VERSUS

JANET RENO,
ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of
the Board of Immigration Appeals
_____

May 1, 2000

Before SMITH, BARKSDALE, and
PARKER, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

This case requires the court once again to construe the criminal alien removal provisions of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009-546 ("IIRIRA"). Specifically, we must determine whether a Texas conviction of burglary of a vehicle with the intent to commit theft constitutes a theft offense, a burglary offense, or a crime of violenceSSany of which alone would be sufficient to deny this court jurisdiction to review a final order of removal by the Immigration and Naturalization Service ("INS") and to authorize removal.

Because burglary of a vehicle with intent to commit theft is a crime of violence (though neither a burglary nor a theft), the IIRIRA deprives us of jurisdiction over this petition. We therefore grant the motion to dismiss.

## I.

In 1985, Ricardo Lopez-Elias was convicted in Texas state court of burglary of a vehicle with the intent to commit theft, in violation of TEX. PENAL CODE ANN. § 30.04(a) (West 1987), and sentenced to four years' imprisonment, suspended. In 1998, the INS served him with a notice to appear, charging him with being subject to removal as an aggravated felon, and in April 1999 an immigration judge ordered his removal. The Board of Immigration Appeals ("BIA") dismissed Lopez-Elias's appeal in October 1999, concluding that he had committed a theft offense, an aggravated felony under IIRIRA. *See* 8 U.S.C. § 1101(a)(43)(G).

Lopez-Elias filed a petition for direct review in this court on November 3, 1999, pursuant to 8 U.S.C. § 1252, arguing that he had not committed an aggravated felony, and alternatively claiming that the IIRIRA was an unconstitutionally retroactive law in violation of his right to due process. The INS now moves for dismissal of the petition on the ground that under the permanent provisions of IIRIRA, *see* 8 U.S.C. § 1252(a)(2)(C),[1] we lack jurisdiction over removal orders issued against criminal aliens.

## II.

We begin by examining the relevant provisions of federal immigration law as amended by IIRIRA. "Any alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. §

---

[1] Because the proceedings against Lopez-Elias were commenced after April 1, 1997, the permanent provisions of IIRIRA are in force. *See Requena-Rodriguez v. Pasquarell,* 190 F.3d 299, 302-03 (5th Cir. 1999); IIRIRA § 309(c)(1), (4), 110 Stat. 3009-625, -626.

1227(a)(2)(A)(iii). The term "aggravated felony" includes "(F) a *crime of violence* (as defined in section 16 of Title 18,[2] but not including a purely political offense) for which the term of imprisonment [is] at least one year" and "(G) *a theft offense* (including receipt of stolen property) *or burglary offense* for which the term of imprisonment [is] at least one year." § 1101(a)(43) (emphasis added). IIRIRA further provides that, "[n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. § 1252(a)(2)(C).

We have jurisdiction to review jurisdictional facts.[3] That Lopez-Elias's four-year sentence was suspended is of no significance, for IIRIRA makes plain that "[a]ny reference to a

---

[2] "The term 'crime of violence' means SS

    (a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 16.

[3] *See Camacho-Marroquin v. INS,* 188 F.3d 649, 651 (5th Cir. 1999) ("The prerequisites for review preclusion under INA § 242(a)(2)(C) are: (i) an alien; (ii) deportable; (iii) for committing a crime covered in INA § 237(a)(2)(A)(iii). This Court has jurisdiction to determine whether these prerequisites for precluding review have been met.").

term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." § 1101(a)(48)(B). Nor does Lopez-Elias dispute that he is in fact an alien. The only jurisdictional question, therefore, is whether he was convicted of an aggravated felonySSthat is, whether burglary of a vehicle with intent to commit theft constitutes a crime of violence, a theft offense, a burglary offense, or none of the above.

The INS claims that its conclusion that Lopez-Elias committed an "aggravated felony" is worthy of the familiar principles of deference to administrative agencies announced in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984).[4] Even assuming the ambiguity of the statutory terms of IIRIRA, however, the fact that courts defer to the INS's construction of its statutory powers of deportation does not mean that similar deference is warranted with respect to the enforcement of this court's jurisdictional limitations. The former may trigger deference, but the determination of our jurisdiction is exclusively for the court to decide. This distinction is particularly important here, where the petitioner challenges not only the INS's statutory construction of its agency powers, but also the constitutionality of those powers.

Reviewing the matter *de novo*, we nevertheless conclude that we have no jurisdiction under IIRIRA, because Lopez-Elias was convicted of a crime of violence under § 1101(a)(43)(F). First, however, we articulate why he was *not* convicted of a theft or burglary offense under § 1101(a)(43)(G).

### A.

To determine whether an alien has committed an aggravated felony, courts look to the text of the statute violated, not the underlying factual circumstances.[5] According to the statute under which Lopez-Elias was convicted, "[a] person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft." TEX. PENAL CODE ANN. § 30.04(a) (West 1987).[6]

---

[4] *See also Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 120 S. Ct. 1291 (2000); *INS v. Cardoza-Fonseca*, 480 U.S. 421, 448-49 (1987); *INS v. Aguirre-Aguirre*, 526 U.S. 415, 424-25 (1999).

[5] *See Camacho-Marroquin,* 188 F.3d at 652; *cf. Taylor v. United States*, 495 U.S. 575, 600 (1990); *United States v. Lomas*, 30 F.3d 1191, 1193 (9th Cir. 1994).

[6] At the time of Lopez-Elias's conviction, Texas law classified the offense as a third-degree felony. *See* TEX. PENAL CODE ANN. § 30.04(c) (West 1987). In 1993, the statute was amended to treat the offense as a Class A misdemeanor. *See* TEX. PENAL CODE ANN. § 30.04(c) (West 1994); *see also* TEX. PENAL CODE ANN. § 30.04(d) (West 1999). How Texas characterizes the offense does not control federal immigration law, however, for federal law looks only to the term of imprisonment, and not state law, to ascertain whether the offense is a "felony." *See* § 1101(a)(43)(G); *cf. Moosa v. INS*, 171 F.3d 994, 1006 (5th Cir. 1999) (stating that "[t]he immigration laws contain no . . . indication that they are to be interpreted in accordance with state law") (*quoting United States v. Campbell*, 167 F.3d 94, 98 (2d Cir. 1999)).

Lopez-Elias was specifically charged with burglary of a vehicle with intent to commit theft. Notably, however, his conviction did *not* require a finding that he had actually committed theft; mere intent to commit was sufficient. Lopez-Elias therefore did not commit a "theft offense" for purposes of the IIRIRA.[7]

Nor did he commit a burglary offense. When Congress deploys the term "burglary" without specifying a definition, a generic understanding of the word based on the modern usage of the states, rather than the common law definition, should be used. As the Supreme Court has explained,

> [w]e believe that Congress meant by "burglary" the generic sense in which the term is now used in the criminal codes of most States. . . . Although the exact formulations vary, the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime.

*Taylor v. United States*, 495 U.S. 575, 598 (1990).

Thus, an alien need not have broken into a dwelling, or done so at night, or done so with intent to commit a felony (as opposed to a lesser offense), to satisfy the generic definition of "burglary." *Id.* at 593. Nor must the act have presented a risk of physical injury to another person. *Id.* at 596-98.

The Court did distinguish, however, between burglary of "a building or other structure" on the one hand, *id.* at 598-99, and burglary of a vehicle on the other, *id.* at 599, ultimately concluding that the generic term of "burglary" embraced only the former, and not the latter.[8] Because Lopez-Elias was convicted of burglary of a vehicle, not a building, he did not commit a "burglary" for purposes of IIRIRA, and the INS therefore was not authorized to remove him by reason of his commission of a burglary offense.

B.

This court has previously recognized, however, that burglary of a vehicle does constitute a "crime of violence," justifying deportation under § 1101(a)(43)(F).[9] It is true that the INS did not actually pursue removal

---

[7] In addition to listing certain offenses such as theft as "aggravated felonies" triggering deportation, IIRIRA provides that merely "an attempt or conspiracy to commit" an enumerated offense is deemed a deportable offense. § 1101(a)(43)(U). The INS does not raise the argument, but we believe Elias could have been removedSSand our jurisdiction could have been precludedSSbased alternatively on the theory that burglary of a vehicle with *intent to commit theft* is tantamount to an offense of *attempted theft*.

[8] *See Taylor*, 495 U.S. at 602 ("For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction.").

[9] *See United States v. Delgado-Enriquez*, 188 F.3d 592, 595 (5th Cir. 1999) (noting that burglary of a vehicle is a crime of violence under 18 U.S.C. § 16(b)); *United States v. Ramos-Garcia*, 95 F.3d 369, 371 (5th Cir. 1996) (same); *United States v. Rodriguez-Guzman*, 56 F.3d 18, 20 (5th Cir. 1995) (same).

proceedings on this ground.[10] That the INS proceeded on grounds of theft or burglary, rather than crime of violence, however, does not alter the conclusion that this court has no jurisdiction because of Lopez-Elias's conviction of a crime of violence.

IIRIRA states simply that "no court shall have jurisdiction to review any final order of removal against an alien who *is removable* by reason of having committed" an aggravated felony. 18 U.S.C. § 1252(a)(2)(C) (emphasis added). What the INS originally charged is of no consequence; so long as the alien in fact is removable for committing an aggravated felony, this court has no jurisdiction, irrespective of whether the INS originally sought removal for that reason.[11]

---

[10] Lopez-Elias's original notice to appear charged him with the prior commission of a crime of violence, but the INS subsequently amended its charge to theft or burglary. For this reason, the BIA expressly rejected the use of the crime-of-violence provision to justify removal.

[11] *See Abdel-Razek v. INS*, 114 F.3d 831, 832 (9th Cir. 1997) ("The fact that the BIA did not issue its order with reference to that section does not alter petitioner's status as a convicted felon for purposes of the availability of judicial review. We therefore lack jurisdiction."). We note, however, that other circuits have held differently. *See Choeum v. INS*, 129 F.3d 29, 38 (1st Cir. 1997) ("The INS's argument is essentially a linguistic one. According to the INS, for purposes of jurisdiction, aliens 'deportable by reason of' having committed firearms offenses are not only those aliens who have been ordered deported for firearms offenses, but also those aliens who could be deported for that reason. As a matter of statutory construction, that argument is somewhat illogical: The contested phrase comes from Section 440(a) of (continued...)

## III.

Federal courts derive their power to adjudicate from Congress, and not from the Constitution alone. The permanent provisions of IIRIRA therefore require that this petition for review be dismissed for want of jurisdiction.[12] Accordingly, the motion to dismiss the petition for review is

---

[11](...continued)
AEDPA, a statutory section solely concerned with final orders of deportation. The section therefore applies, by its very terms, only to aliens who have actually been adjudged deportable. It is therefore highly doubtful that, in that context, Congress meant 'deportable by reason of' to mean, as the INS would have it, 'potentially susceptible to being deported by reason of . . . .'"); *Xiong v. INS*, 173 F.3d 601, 608 (7th Cir. 1999) (same).

[12] Even if we are required to address Lopez-Elias's constitutional claim on the merits notwithstanding IIRIRA's express preclusion of jurisdiction, *see Max-George*, 205 F.3d 194, 199-200 (5th Cir. 2000) (stating that "courts faced with petitions for review from criminal aliens must determine whether the particular provisions classifying the petitioner under the jurisdiction-stripping provision . . . are being constitutionally applied"), the claim that IIRIRA is unconstitutionally retroactive has been rejected by this court on numerous occasions. *See id.* at 200 ("Congress has the power to make an alien's past criminal conduct subject to present or future deportation notwithstanding the fact that the alien could not have been deported for the act at the time it was committed."); *Moosa*, 171 F.3d at 1009 (opining that "it is well settled that Congress has the authority to make past criminal activity a new ground for deportation.") (*quoting Ignacio v. INS*, 955 F.2d 295, 298 (5th Cir. 1992)); *see also Lehmann v. United States ex rel. Carson*, 353 U.S. 685, 690 (1957).

5

GRANTED.[13]

---

[13] The INS's motion for leave to file in excess pages the motion to dismiss the petition for review and to extend the time for filing the administrative record is GRANTED. The INS's motion to extend the time for filing the administrative record is DENIED as unnecessary.