IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-40615

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AZZEDINE FAIDY,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Eastern District of Texas
(1:99-CR-70-1)

---

August 22, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

   Azzedine Faidy appeals from his conviction and sentence for attempted reentry following deportation, in violation of 8 U.S.C. § 1326. We affirm.

   Faidy argues that the evidence was insufficient to support a finding that he attempted to reenter the United States. Because we

---

   [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

draw all credibility inferences in favor of the verdict,[1] we must credit the testimony of the officers who testified that Faidy falsely claimed to be a United States citizen when questioned on board a vessel in Port Arthur, Texas. If his claim were true, it would have entitled him to debark from the vessel in which he had stowed away and to remain in the United States. In a sworn written statement, Faidy stated that his desire to return to his wife in the United States was "why I came back." These facts all evidence intent to return to the United States and efforts to do so. A reasonable jury could have determined beyond a reasonable doubt that Faidy attempted to enter the United States.[2] The evidence was sufficient.

Faidy next argues that the district court erred by enhancing his offense level by 16 levels because of a prior aggravated felony conviction. Faidy claims that the prior conviction was a misdemeanor under state law. Faidy concedes that his argument is foreclosed by circuit precedent but wishes to preserve the issue for possible further review.[3]

---

[1] *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1132 (5th Cir. 1993).

[2] *See id.* at 1132-33.

[3] Under Fifth Circuit precedent, the state's characterization of a crime as a misdemeanor or felony is irrelevant. *See Lopez-Elias v. Reno*, 209 F.3d 788, 792 n.6 (5th Cir. 2000). Nor does it matter that a portion of the sentence is suspended. *See id.* at 791. A theft offense for which the term of imprisonment is at least one year is an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(G).

Finally, Faidy contends that the aggravated felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment and proven to the jury beyond a reasonable doubt. He acknowledges that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torrez v. United States*,[4] but he seeks to preserve the issue for further review in light of the decision in *Apprendi v. New Jersey*.[5]

Because the evidence was sufficient to convict Faidy, and his other arguments are foreclosed by circuit and Supreme Court precedent, the judgment of the district court is AFFIRMED.

---

[4] 523 U.S. 224, 247 (1998).

[5] 530 U.S. 466, 489-90 (2000).