IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60118
Summary Calendar
_____

YOUSEF MICHAEL AZIZEH,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 454 034
--------------------
November 4, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

    Yousef Michael Azizeh petitions for review of the final
order of the Board of Immigration Appeals dismissing his appeal
from the Immigration Judge's order denying his motion to reopen
deportation proceedings.  Because Azizeh's deportation
proceedings commenced prior the general effective date of the
Illegal Immigration Reform and Immigrant Responsibility Act, Pub.
L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), and concluded
more than thirty days after its passage on September 30, 1996,

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this case is governed by the "transitional rules" in IIRIRA § 309. See Lerma de Garcia v. INS, 141 F.3d 215, 216 (5th Cir. 1998). Because Azizeh has committed a criminal offense which renders him inadmissible under § 212(a)(2) of the Immigration and Nationality Act, this court does not have jurisdiction under IIRIRA § 309(c)(4)(G). See id.; see also Lopez-Elias v. Reno, 209 F.3d 788, 293 & n.11 (5th Cir. 2000) (construing similar provision in IIRIRA permanent rules).

Azizeh contends that his right to due process was violated because his counsel rendered ineffective assistance resulting in entry of the deportation order in absentia. Although the court has jurisdiction to consider constitutional claims in habeas, it does not have jurisdiction to do so on direct review. See Lerma de Garcia, 141 F.3d at 217; see also Requena-Rodriquez v. Pasquarell, 190 F.3d 299, 305-06 (5th Cir. 1999) (habeas jurisdiction retained). Because the court does not have jurisdiction, the petition for review must be dismissed.

PETITION FOR REVIEW DISMISSED.