United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 26, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-61024
Summary Calendar

JOSE ANGEL MANCILLAS,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A91 628 870
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Angel Mancillas appeals the Board of Immigration
Appeals' final order of removal for having been convicted of a
crime of moral turpitude, committed within five years of
admission, and for which a sentence of at least one year may be
imposed.  Mancillas argues that the Immigration and
Naturalization Service (INS) was barred by res judicata from
filing charges against him after it had failed to appeal a prior
determination by the Immigration Judge in a previous case.  The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

respondent argues that, first, we must consider whether we have jurisdiction under 8 U.S.C. § 1252(a)(2)(C).

We have held that, under 8 U.S.C. § 1252(a)(2)(C), jurisdiction will be precluded where the alien is removable for committing an aggravated felony even if the INS did not seek removal for that reason. See Lopez-Elias v. Reno, 209 F.3d 788, 793 (5th Cir. 2000). Mancillas's conviction under TEX. PENAL CODE ANN. § 21.11(a) is an aggravated felony. See United States v. Velazquez-Overa, 100 F.3d 418, 422 (5th Cir. 1996); see also United States v. Zavala-Sustaita, 214 F.3d 601, 607 (5th Cir. 2000). Consequently, we lack jurisdiction to consider his petition. See Lopez-Elias, 209 F.3d at 793.

PETITION FOR REVIEW DISMISSED.