# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 2, 2010

No. 08-60630
Summary Calendar

Lyle W. Cayce
Clerk

MACHOUDI BOLADJI KAMODJOU,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A23  557  713

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The immigration judge ("IJ") denied Machoudi Kamodjou's application for
a waiver of inadmissibility under § 212(c) of the Immigration and Nationality

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Act, 8 U.S.C. § 1182(c) (repealed 1996).   The Board of Immigration Appeals ("BIA") dismissed Kamodjou's appeal of the IJ's decision.   Kamodjou petitions for review of the BIA's ruling.

The government argues that the petition for review should be dismissed because this court lacks jurisdiction to review Kamodjou's challenge to the order of dismissal.   Kamodjou asserts that we have jurisdiction over all of his arguments because they are based in law and because refusal to consider them will result in a miscarriage of justice.

This court reviews its jurisdiction *de novo*.   *Lopez-Elias v. Reno*, 209 F.3d 788, 791 (5th Cir. 2000).   Kamodjou's prior conviction of a crime involving moral turpitude bars us from exercising jurisdiction.   *See* 8 U.S.C. § 1252(a)(2)(C).   In addition, we are barred from exercising jurisdiction because Kamodjou challenges the BIA's discretionary denial of relief.   *See* 8 U.S.C. § 1252(a)(2)(B)(ii).

Because this court lacks jurisdiction to review the BIA's order, the petition for review is DISMISSED.