PER CURIAM:
In 1998, Adrian Garcia (“Garcia”) was convicted of committing an auto burglary in violation of section 30-16-3(B) of the New Mexico Statutes Annotated. In 2010, the Department of Homeland Security (“DHS”) served Garcia with a Notice To Appear (“NTA”) charging him with remov-ability under 8 U.S.C. § 1182(a)(2)(A)(i)(I), which renders inadmissible any alien convicted of a crime involving moral turpitude, based on his New Mexico auto-burglary conviction. The immigration judge (“U”) determined that Garcia was removable as charged and also determined that Garcia’s auto-burglary conviction constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43), rendering him ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)(3). Garcia appealed the IJ’s determination that he was ineligible to apply for cancellation of removal to the Board of Immigration Appeals (“BIA”). He did not appeal the IJ’s determination that his New Mexico auto-burglary conviction constituted a conviction for a crime involving moral turpitude that, under 8 U.S.C. § 1182(a)(2)(A)(i)(I), rendered him inadmissible. Ultimately, the BIA dismissed the appeal, agreeing that Garcia’s auto-burglary conviction, as a conviction for an aggravated felony, rendered him ineligible to apply for cancellation of removal.
In his petition for review, Garcia challenges the BIA’s determination that his auto-burglary conviction constitutes a conviction for an aggravated felony. He does not challenge the IJ’s determination that he is removable on the basis of his New Mexico auto-burglary conviction, which he did not appeal to the BIA. Having reviewed the parties’ arguments, we make explicit what was dictum in Lopez-Elias v. Reno, 209 F.3d 788 (5th Cir.2000), and join the Seventh, Ninth, and Tenth Circuits, see United States v. Venzor-Granillo, 668 F.3d 1224, 1226, 1232 (10th Cir.2012); Ngaeth v. Mukasey, 545 F.3d 796, 801-02 (9th Cir.2008); United States v. Martinez-Garcia, 268 F.3d 460, 466 (7th Cir.2001), in holding that a conviction for unauthorized entry of a vehicle with intent to commit a theft therein constitutes a conviction for an attempted theft offense, which, under 8 U.S.C. §§ 1101(a)(43)(U) and 1229b(a)(3), renders Garcia ineligible to apply for cancellation of removal. We therefore DENY Garcia’s petition for review.
BACKGROUND
On July 19, 2010, DHS served Garcia, a native and citizen of Mexico and a lawful permanent resident of the United States, with the NTA. The NTA alleged that Garcia was subject to removal under 8 U.S.C. § 1182(a)(2)(A)(i)(I) because he had been convicted of auto burglary, a crime of mor *842 al turpitude, in New Mexico in 1998.[1] Garcia admitted that he was a native and citizen of Mexico and was a lawful permanent resident of the United States but he denied the remaining allegations and denied removability.
On September 6, 2011, the IJ held a removal hearing and determined that Garcia was removable pursuant to § 1182(a)(2)(A)(i)(I). The IJ then scheduled future hearings to provide Garcia an opportunity to file an application for cancellation of removal, which Garcia subsequently filed. The IJ later ruled, however, that because Garcia’s auto-burglary conviction constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43), Garcia was ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)(3).
Garcia appealed to the BIA, arguing that the IJ had erred by finding that his auto-burglary conviction constituted a conviction for an aggravated felony. The BIA, however, upheld the IJ’s decision and dismissed the appeal. The BIA held that this circuit’s decision in Lopez-Elias foreclosed the IJ’s conclusion that Garcia’s auto-burglary conviction constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(G), which defines “aggravated felony” to include “a theft offense ... for which the term of imprisonment [is] at least one year.” Nevertheless, the BIA ruled that the error was harmless because Garcia’s auto-burglary conviction constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(U), which defines “aggravated felony” to include “an attempt or conspiracy to commit an offense described in” subsection (a)(43). The BIA therefore concluded that Garcia was ineligible to apply for cancellation of removal. Garcia filed a timely petition for review.
STANDARD AND SCOPE OF REVIEW
“We review the BIA’s conclusions of law de novo, although we defer to the BIA’s interpretation of [ambiguous] immigration regulations if that interpretation is reasonable.” Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir.2006). Whether a prior conviction constitutes an aggravated felony under the Immigration and Nationality Act (“INA”) is a question of law we review de novo, see Patel v. Mukasey, 526 F.3d 800, 802 (5th Cir.2008), as is “[t]he BIA’s determination that an alien is ineligible for discretionary relief in the form of cancellation of removal,” Vasquez-Martinez v. Holder, 564 F.3d 712, 715 (5th Cir.2009).
The record in this case does not clearly establish whether Garcia has already been removed from the United States. Nevertheless, the Supreme Court has stated that a petition for review is not rendered moot by merit of the petitioner’s removal; even if Garcia has been removed, he may still seek cancellation of removal from abroad. See Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S.Ct. 2577, 2584 n. 8, 177 *843 L.Ed.2d 68 (2010).[2]
DISCUSSION
Garcia did not challenge the IJ’s determination that he is removable under 8 U.S.C. § 1182(a)(2)(A)(i)(I) on the basis of his New Mexico auto-burglary conviction. Consequently, we do not — and may not— consider this issue. See Omari v. Holder, 562 F.3d 314, 318-19 (5th Cir.2009). Garcia argues instead that the BIA erred in holding that his auto-burglary conviction constitutes a conviction for an aggravated felony that, under 8 U.S.C. § 1229b(a)(3), renders him ineligible to apply for cancellation of removal. We conclude that the BIA did not so err and therefore deny Garcia’s petition for review.
I.
“When the Government alleges that a state conviction qualifies as an ‘aggravated felony’ under the INA, [courts] generally employ a ‘categorical approach’ to determine whether the state offense is comparable to an offense listed in the INA.” Moncrieffe v. Holder, — U.S. —, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013). “Under this approach [courts] look ‘not to the facts of the particular prior case,’ but instead to whether ‘the state statute defining the crime of conviction’ categorically fits within the ‘generic’ federal definition of a corresponding aggravated felony.” Id. (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 186, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)). “[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense “ ‘necessarily” involved ... facts equating to [the] generic [federal offense].’ ” Id. (alterations in original) (quoting Shepard v. United States, 544 U.S. 13, 24, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)). “Because [courts] examine what the state conviction necessarily involved, not the facts underlying the case, [the court] must presume that the conviction ‘rested upon [nothing] more than the least of th[e] acts’ criminalized, and then determine whether even those acts are encompassed by the generic federal offense.” Id. (alterations in original) (quoting Johnson v. United States, 559 U.S. 133, 137, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)).
The categorical approach, however, is subject to certain qualifications. See id. One such qualification is when a state conviction is obtained under a divisible criminal statute, which triggers what is called the “modified” categorical approach. See Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2283-84, 186 L.Ed.2d 438 (2013) (explaining that a divisible statute “comprises multiple, alternative versions of the crime”). The modified categorical approach “serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which elements played a part in the [petitioner’s] conviction.” Id. at 2283. When
*844 addressing] state statutes that contain several different crimes, each described separately, ... [the Court] ha[s] held that a court may determine which particular offense the noncitizen was convicted of by examining the charging document and jury instructions, or in the case of a guilty plea, the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea.
Moncrieffe, 133 S.Ct. at 1684 (quoting Nijhawan v. Holder, 557 U.S. 29, 35, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009)) (internal quotation marks omitted).
II.
In 1998, Garcia was convicted of committing an auto burglary in violation of section 30-16-3(B) of the New Mexico Statutes Annotated, which provides that “[a]ny person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.” In this case, the BIA determined that Garcia’s conviction under this statute constituted a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(U) because it was an attempted theft offense.
We note that section 30-16-3(B) may be violated if a person enters a vehicle without authorization and attempts to commit a crime other than a theft therein, for instance, arson. See N.M. Stat. Ann. § 30-16-3(B) (“with intent to commit any felony or theft therein”) (emphasis added); State v. Post, 109 N.M. 177, 783 P.2d 487, 492 (N.M.App.1989) (holding that the evidence, which showed that the defendant had entered a high school without permission and with intent to commit arson therein, was sufficient to convict him of burglary under section 30-16-3(B)). Consequently, we conclude that the statute is divisible, accord Ngaeth, 545 F.3d at 801, and employ the modified categorical approach to aid our examination of “which elements played a part in the [petitioner’s] conviction,” Descamps, 133 S.Ct. at 2283-84. Under that approach, we may consider a limited number of additional documents, including the charging document and, in the case of a guilty plea, the plea agreement. Moncrieffe, 133 S.Ct. at 1684.
In this case, those documents reflect that Garcia was charged with “enterfing] a vehicle, a 1988 Chevrolet Astro Van belonging to Teresa Larranaga, without authorization or permission, with intent to commit a theft therein, contrary to § 30-16-3(B), NMSA 1978” and that Garcia pleaded guilty “as charged.” The documents therefore reveal that Garcia was convicted under the subsection criminalizing unauthorized entry of a motor vehicle with intent to commit a theft therein.
In Lopez-Elias v. Reno, this court considered “whether a Texas conviction of burglary of a vehicle with the intent to commit theft constitutes a theft offense, a burglary offense, or a crime of violence.” 209 F.3d at 790.[3] Ultimately, the court concluded that although the petitioner’s *845 auto-burglary conviction was neither a conviction for a theft offense nor a conviction for a burglary offense under 8 U.S.C. § 1101(a)(43)(G), the petitioner’s auto-burglary conviction did constitute a conviction for a crime of violence under 8 U.S.C. § 1101(a)(43)(F). See id. at 792-93 & n. 9. This conclusion was dispositive of the case, see id. at 793, so this court had no opportunity to consider whether the petitioner’s auto-burglary conviction also constituted a conviction for an attempted theft offense under 8 U.S.C. § 1101(a)(43)(U), see also id. at 792 n. 7 (noting that the government “d[id] not raise th[is] argument”).[4] Nevertheless, the court reasoned in dictum that the petitioner’s conviction for unauthorized entry of a vehicle with intent to commit a theft therein was “tantamount to an offense of attempted theft” under 8 U.S.C. § 1101(a)(43)(U). Id.
Three other circuit courts have expressly held that a conviction for unauthorized entry of a vehicle with intent to commit a theft therein constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(U). See Venzor-Granillo, 668 F.3d at 1232 (“A comparison of the elements of Venzor-Granillo’s conviction for first degree criminal trespass with the elements of the generic definition of attempt to commit a theft offense shows that Venzor-Granillo necessarily admitted all the elements of the generic crime of attempt to commit theft.”); Ngaeth, 545 F.3d at 801-02 (holding, under the modified categorical approach, that “a conviction for entering a locked vehicle with the intent to commit theft constitutes an attempted theft offense for purposes of the aggravated felony definition” under 8 U.S.C. § 1101(a)(43)(U)); Martinez-Garcia, 268 F.3d at 466 (“In pleading guilty to this charge, [Martinez-]Garcia admitted engaging in conduct which we determine to fit within the parameters of an attempt to commit a theft offense under [8 U.S.C. § 1101(a)(43)(U) ], and the district court therefore did not err in concluding that the defendant’s 1988 conviction was an aggravated felony.”).
The Second Circuit has warned that inchoate crimes such as attempt are highly fact-specific and, therefore, not amenable to categorical analysis. See Sui v. I.N.S., 250 F.3d 105, 119 (2d Cir.2001). Sui, however, is inapposite because it did not involve a petitioner who had been convicted of auto burglary like Garcia and the petitioners in Lopez-Elias, Venzor-Granillo, Ngaeth, and Martinez-Garcia. Rather, Sui had been convicted of possessing counterfeit securities, and the Second Circuit’s holding that this did not constitute a conviction for an attempted offense under 8 U.S.C. § 1101(a)(43)(U) was based on reasoning specific to the nature of securities offenses. See id. (“Given that possession of counterfeit securities with an intent to deceive does not necessarily constitute an attempt to pass these securities and cause a loss, ... we find that Sui has not been convicted of an aggravated felony as defined in subsection (U).”). Moreover, the Sui court articulated a two-part test to prove attempt, asking “(1) has the defendant acted with the culpability otherwise required for the commission of the crime he or she is charged with attempting and (2) has the defendant engaged in conduct that constitutes a substantial step toward the commission of the crime and that is strongly corroborative of the actor’s criminal purpose?” Id. at 115 (emphasis added). Both the Seventh Circuit and the Ninth Circuit have observed that a petitioner takes a substantial step toward committing a theft offense when he unlawfully enters a vehicle without the owner’s *846 consent. See Ngaeth, 545 F.3d at 802 (reasoning that “entering a Vehicle ... when the doors are locked’ clearly constitutes a substantial step towards committing a theft”) (citation omitted); Martinez-Garcia, 268 F.3d at 466 (“The 1988 Information charged Garcia with the intent to commit a theft, and also charged him with taking a substantial step toward the commission of the theft (unlawfully entering a motor vehicle without the owner’s consent).”); see also Venzor-Granillo, 668 F.3d at 1232 (stating that “the generic definition of ‘attempt’ is an intent to commit a crime and the commission of an act which constitutes a substantial step toward commission of that crime” and holding that “the elements of the offense Venzor-Gran-illo pleaded guilty to, as set forth in his plea agreement, substantially correspond to the elements of the generic offense of attempt to commit theft”). Whereas possessing counterfeit securities does not alone constitute a substantial step toward passing them along and causing loss, Sui, 250 F.3d at 119, we conclude that Garcia took the requisite substantial step toward the commission of a theft offense based on his pleading guilty to entering another person’s vehicle without her authorization or permission and with the intent to commit a theft therein.
We therefore join the Seventh, Ninth, and Tenth Circuits and make explicit what was dictum in Lopez-Elias: a petitioner’s state-law conviction for unauthorized entry of a vehicle with intent to commit a theft therein constitutes a conviction for an attempted theft offense under 8 U.S.C. § 1101(a)(43)(U). We therefore conclude that Garcia is ineligible to apply for cancellation of removal under 8 U.S.C. § 1229b(a)(3).
CONCLUSION
For the foregoing reasons, we DENY Garcia’s petition for review.

. The NTA also alleged that Garcia was subject to removal under 8 U.S.C. § 1182(a)(2)(C) because he had been convicted of distributing marijuana in violation of section 30-31 — 22(A) of the New Mexico Statutes Annotated. Both the IJ and the BIA agreed and both concluded that Garcia's marijuana-distribution conviction rendered him ineligible to apply for cancellation of removal. Because we conclude that Garcia's auto-burglary conviction renders him ineligible to apply for cancellation of removal, we need not consider Garcia's separate argument that his marijuana-distribution conviction does not constitute a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). Accordingly, we decline to address it.

. We also note that we generally lack “jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in [8 U.S.C. § ] 1182(a)(2).” 8 U.S.C. § 1252(a)(2)(C). In this case, the NTA alleged that Garcia was subject to removal under 8 U.S.C. § 1182(a)(2)(C) as a consequence of his New Mexico marijuana-distribution conviction, and the IJ and the BIA both agreed. Nevertheless, our jurisdiction over “questions of law raised upon a petition for review” is not barred. See id. § 1252(a)(2)(D); Alvarado de Rodriguez v. Holder, 585 F.3d 227, 234 (5th Cir.2009). We therefore have jurisdiction to consider — and dispose of this case on the basis of — Garcia's legal challenge predicated on his New Mexico auto — burglary conviction.

. Although Lopez-Elias addressed a conviction under Texas's auto-burglary statute, rather than a conviction under New Mexico’s auto-burglary statute, the distinction is immaterial for purposes of our analysis because the elements of both statutes are virtually identical. Compare Tex. Penal Code Ann. § 30.04(a) ("A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.”), with N.M. Stat. Ann. § 30-16-3(B) ("Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.”).

. By contrast, the government has raised this argument in Garcia’s case.