EMILIO M. GARZA, Circuit Judge,
specially concurring:
I concur in the judgment denying Garcia’s petition for review. I agree that Garcia is ineligible to seek discretionary cancellation of removal because his New Mexico auto-burglary conviction constitutes an aggravated felony under federal immigration law. See 8 U.S.C. § 1229b(a)(3) (providing that the Attorney General “may cancel removal” if a nonciti-zen “has not been convicted of any aggravated felony”).
I write separately for two reasons. First, Lopez-Elias v. Reno, 209 F.3d 788 (5th Cir.2000), provides a more straightforward basis for concluding that Garcia is an aggravated felon: His auto-burglary offense is a “crime of violence.” Second, because Garcia bears the burden of proving that he is not an aggravated felon, the majority misapplies the categorical approach in this case.[1]
The majority unnecessarily reaches a question reserved by dicta in Lopez-Elias — whether burglary of an automobile with intent to commit a theft constitutes a generic “attempted theft” offense under 8 U.S.C. § 1101(a)(43)(U). Ante at 845. Lopez-Elias ’s holding articulates the disposi-tive principle: “[B]urglary of a vehicle does constitute a ‘crime of violence,’ justifying deportation under [8 U.S.C] § 1101(a)(43)(F).” 209 F.3d at 792; see *847 also id. at 792 n. 9 (collecting cases). As the majority recognizes, the Texas burglary statute in Lopez-Elias is “virtually identical” to the New Mexico statute here. Ante at 844 n. 3.[2] And just as Lopez-Elias’s conviction for a “crime of violence” rendered him a removable aggravated felon, such a conviction makes Garcia an aggravated felon ineligible for discretionary relief. See 8 U.S.C. § 1229b(a)(3); Lopez-Elias, 209 F.3d at 793. Thus, I would simply apply the holding of Lopez-Elias and conclude that because Garcia was convicted of a crime of violence, he is an aggravated felon ineligible for discretionary relief.
More importantly, the majority misapplies the categorical approach in this case. In the cases cited by the majority, the government bore the burden of proving that an individual’s state law conviction did constitute a generic federal offense. See Moncrieffe v. Holder, — U.S. —, 133 S.Ct. 1678, 1684-85, 185 L.Ed.2d 727 (2013) (considering whether a noncitizen committed an “aggravated felony” under the INA, thereby rendering him removable); Descamps v. United States, — U.S. —, 133 S.Ct. 2276, 2283-86, 186 L.Ed.2d 438 (2013) (considering whether a defendant committed the “violent felony” of “burglary” under the Armed Career Criminal Act (“ACCA”), thereby triggering a sentence enhancement).[3] In those cases, “a state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense.” Moncriejfe, 133 S.Ct. at 1684 (internal quotation marks and alterations omitted) (emphasis added). Accordingly, courts must determine whether even the “least of the acts” sufficient to support the prior state law conviction fits within the federal offense’s definition. Ante at 843 (quoting Moncriejfe, 133 S.Ct. at 1684 (internal alterations omitted)). If not, then the government cannot carry its burden of proof, because it is possible that the state law did not “involv[e] facts equating to the generic federal offense.” See Moncriejfe, 133 S.Ct. at 1684.
But in this case, the immigration statute inverts the burden of proof and thereby alters the categorical approach’s application in a critical way. Here, the Government does not bear the burden of proving that Garcia is an aggravated felon. Rather, it is Garcia, as a noncitizen seeking discretionary cancellation of removal, who bears the burden of proving by a “preponderance of the evidence” that he did not commit an aggravated felony under the INA. 8 C.F.R. § 1240.8(d); see also 8 U.S.C. § 1229a(c)(4)(A); Ramos-Torres v. *848 Holder, 637 F.3d 544, 548 (5th Cir.2011) (“[A]n alien seeking cancellation of removal has the burden of proof to establish that he is eligible for the relief sought.”). That is, Garcia must prove that the state law under which he was convicted encompasses no acts falling within the INA’s aggravated felony definition — that his conviction necessarily involved facts not equating to the generic federal offense, to invert Mon-crieffe’s formulation. Cf. Moncrieffe, 133 S.Ct. at 1684 (“[A] state offense is a categorical match with a generic federal offense only if a conviction of the state offense necessarily involved facts equating to the generic federal offense.” (internal quotation marks and alterations omitted)).
To carry his burden, Garcia must do more than prove merely that the least of the acts criminalized by the New Mexico statute would not constitute an aggravated felony under the INA. After all, such proof would not foreclose the possibility that he was convicted for more severe or aggravated acts. (Indeed, when the Government bears the burden, courts draw the same inference in the opposite direction: An individual might have committed the least of the acts covered by the state statute. Id.) Accordingly, in order to prevail, Garcia must demonstrate that even the most — not the least — of the acts criminalized by the state statute would not constitute an aggravated felony. This approach is still “categorical” in its comparison of the elements of federal and state offenses; the parties may not re-litigate the facts underlying Garcia’s conviction. See Mon-crieffe, 133 S.Ct. at 1690-91.[4] But the inquiry into the “most” rather than the “least” of the state law’s criminalized acts is mandated by Garcia’s statutory burden of proving that he is not an aggravated felon.
The Fourth Circuit applied the categorical approach in precisely this manner in Mondragon v. Holder, 706 F.3d 535 (4th Cir.2013). Mondragon, like Garcia here, sought discretionary cancellation of removal.[5] Mondragon conceded that he bore the burden of demonstrating eligibility for such relief, id. at 544-45 (citing 8 U.S.C. § 1229a(c)(4)(A)), and that he could not prove that his prior Virginia conviction for assault and battery was “nonviolent” under the categorical approach, id. at 538, 544. He contended, however, that the “policies underlying [the categorical approach] may be suited for the circumstances when the government bears the burden of proof, but ... [not for] a proceeding such as this, where the alien bears the burden of proof.” Id. The court roundly rejected this proposition. Applying the categorical approach, the court held that because a “crime of violence” involves the use of “violent force ... capable of causing physical pain or *849 injury to another person,” Mondragon could not meet his burden of proving that “his prior conviction was not for” a crime of violence because “the crime of conviction could cover conduct that was violent or nonviolent.” Id. at 545 (emphasis added).[6] In short, “an inconclusive record of conviction ... is insufficient to meet an alien’s burden of demonstrating eligibility for cancellation of removal.” Id.
Unlike the Fourth Circuit, the majority fails to account for the burden of proof in today’s opinion. Nonetheless, I concur in the judgment because, here, it so happens that both the “most” and “least” of the acts sufficient for Garcia’s auto-burglary conviction would constitute an aggravated felony. The New Mexico statute, read together with Garcia’s charging document,[7] covers the act of burglary of an automobile with intent to commit theft. Ante at 844. No matter how this offense is committed, it necessarily creates a “substantial risk that physical force will be used against the person or property of another in the course of committing the offense,” and thus constitutes a crime of violence under 8 U.S.C. § 1101(a)(43)(F) and our precedents. United States v. Delgado-Enriquez, 188 F.3d 592, 595 (5th Cir.1999); accord Lopez-Elias, 209 F.3d at 792 n. 9.[8] Thus, I agree that Garcia’s petition must be denied. In my view, however, such denial is proper because Garcia failed to carry his burden of proving that the most of the acts criminalized by New Mexico’s auto-burglary statute, N.M. Stat. Ann. § 30-16-3(B), does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43).[9]
*850 Thus far, the courts of appeals that have considered a noncitizen’s eligibility for discretionary relief have applied the categorical approach inconsistently. In contrast to the Fourth Circuit in Mondragon, other circuits have not yet explicitly considered the effect of the noncitizen’s burden of proof. See Donawa v. U.S. Attorney General, 735 F.3d 1275 (11th Cir.2013); Sanchez-Avalos v. Holder, 693 F.3d 1011 (9th Cir.2012); Jean-Lowis v. Attorney General of U.S., 582 F.3d 462 (3d Cir.2009). Regrettably, a panel of this Court recently passed on an opportunity to do so in Sarmientos v. Holder, 742 F.3d 624 (5th Cir.2014).[10] The question thus remains open in this Circuit, as in others.
A future court should take up the important task of clarifying the application of the categorical approach to cases such as this one — where a noncitizen must prove he is eligible for discretionary relief by virtue of not having committed an aggravated felony under the INA. To give effect to both the categorical approach and the statutory burden of proof, courts must find the noncitizen eligible only if he shows that even the most of the acts sufficient for his prior state law conviction would not constitute an aggravated felony. But because I agree that Garcia is not eligible to seek discretionary relief, I concur in the judgment only.

. , For simplicity's sake, I use "categorical approach” here to refer to both the categorical and modified categorical approaches, since the latter "merely helps implement the categorical approach when a [petitioner] was convicted of violating a divisible statute.” See Descamps v. United States, - U.S. -, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013); ante at 843-44.

. The convictions in both Lopez-Elias and this case satisfied the minimum one-year imprisonment requirement for crimes of violence. See 8 U.S.C. § 1101 (a)(43)(F). Lopez-Elias was sentenced to four years imprisonment under Texas law. Lopez-Elias, 209 F.3d at 790. Here, likewise, the New Mexico auto-burglaiy offense is a fourth degree felony, which carries a sentence of eighteen months. See N.M. Stat. Ann. § 30-16-3(B); id. § 31-18-15.

. The Supreme Court's earlier categorical approach jurisprudence also concerns situations in which the government bears the burden of proof. See Taylor v. United States, 495 U.S. 575, 601-602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (discussing government's burden of proof in seeking sentencing enhancement under the ACCA), Shepard v. United States, 544 U.S. 13, 18-19, 26 n. 5, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) (same). In fact, the Government's burden of proving the factual basis for sentencing enhancements informed the Court’s Sixth Amendment concerns that favored the categorical approach. See Des-camps, 133 S.Ct. at 2288 ("The Sixth Amendment contemplates that a jury — not a sentencing court — will find such facts [that might increase a maximum sentence], unanimously and beyond a reasonable doubt.”).

. Moreover, no party submits, and nothing about the statute suggests, that a noncategorical, "circumstance-specific” approach would apply. See 8 U.S.C. § 1229b(a)(3) (providing that Attorney General "may cancel removal” if noncitizen "has not been convicted of any aggravated felony”); see generally Nijhawan v. Holder, 557 U.S. 29, 36-40, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009) (examining other "aggravated felony” provision in the INA and concluding that textual features and practical considerations require courts to conduct a circumstance-specific, factual inquiry into whether a prior state fraud offense exceeded a monetary threshold).

. While irrelevant to Mondragon's application of the categorical approach, the Fourth Circuit's ''crime of violence” definition is narrower than ours, which includes any offense that creates a "substantial risk that physical force will be used against the person or property of another in the course of committing the offense.” United States v. Delgado-Enriquez, 188 F.3d 592, 595 (5th Cir.1999).

. As the majority correctly observes, because (and only because) the New Mexico statute is divisible, the court can consider the charging document under the modified categorical approach. Ante at 844.

. Likewise, under the majority’s approach, both the "most” and "least” of the criminalized acts would constitute an attempted theft offense under 8 U.S.C. § 1101(a)(43)(U). See ante at 846 ("[W]e conclude that Garcia took the requisite substantial step toward the commission of a theft offense....”).

. Like the Virginia statute in Mondragon, the Georgia statute analyzed by the Supreme Court in Moncrieffe illustrates the potential for starkly different outcomes under the "most” and "least of the acts” approaches. To be clear, Moncrieffe concerned a nonciti-zen’s removability, which the Government bears the burden of proving, so the Supreme Court had no occasion to consider the petitioner’s burden of proving eligibility for discretionary relief. But if such eligibility had been at issue in Moncrieffe, the statute would have presented the same problem as that resolved by the Fourth Circuit in Mondragon. The Moncrieffe Court explained that "the fact of a conviction for possession with intent to distribute marijuana, standing alone, does not reveal whether either remuneration or more than a small amount of marijuana was involved,” both of which elements are required for concluding the offense was not an aggravated felony under the INA, which incorporates the felony definition under the Controlled Substances Act ("CSA”). Moncrieffe, 133 S.Ct. at 1686. "Moncrieffe's conviction could correspond to either the CSA felony or the CSA misdemeanor,” and "[ajmbiguity on this point,” explained the Court, "means that the conviction did not ‘necessarily’ involve facts that correspond to an offense punishable as a felony under the CSA.” Id. at 1686-87 (emphasis added). Accordingly, the Government could not demonstrate Moncrieffe's re-movability. Id. at 1687. But if Moncrieffe had sought discretionary relief, he would have had to show by a preponderance of the evidence that his conviction necessarily did not involve facts corresponding to an aggravated felony. That is, the identical statutory "[ajm-biguity” resolved in favor of a noncitizen chai- *850 lenging his removability in Moncrieffe must be resolved against a noncitizen bearing the burden of proving eligibility for discretionary relief. Id.

. Sarmientos followed the Eleventh Circuit in Donawa in holding that a noncitizen was not ineligible for discretionaiy relief, since the “least of the acts” criminalized by a state law under which he was convicted did not constitute an aggravated felony. 742 F.3d at 631. The opinion, however, did not consider the burden of proof’s effect on the categorical approach.