# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2025

Lyle W. Cayce
Clerk

————————

No. 25-60091
Summary Calendar

————————

David Medina Arreola,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A047 427 857

———————————————————

Before Barksdale, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:[*]

David Medina Arreola, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ) pretermitting his application for cancellation of removal under 8 U.S.C. § 1229b(a). He contends the BIA erred by: failing to follow the rule of orderliness; concluding his state statute of conviction

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

categorically matched a felony punishable under the Controlled Substances Act (CSA) and accordingly qualified as an aggravated felony drug-trafficking crime under the Immigration and Nationality Act (INA); and declining to apply the rule of lenity.

The BIA denied his appeal, concluding he was ineligible for cancellation of removal because was convicted of an aggravated felony drug-trafficking crime, as defined by 8 U.S.C. § 1101(a)(43)(B). *See also* 8 U.S.C. § 1229b(a)(3) (aggravated-felony conviction renders alien ineligible for cancellation of removal). Our court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). Whether a statute of conviction constitutes an aggravated felony under the INA and whether an alien is statutorily ineligible for cancellation of removal due to an aggravated felony conviction are questions of law that our court reviews *de novo. E.g.*, *Garcia v. Holder*, 756 F.3d 839, 842 (5th Cir. 2014).

As an initial matter, Arreola contends the decision on which the BIA relied, *Ochoa-Salgado v. Garland*, 5 F.4th 615 (5th Cir. 2021), conflicts with our prior decisions and violates the rule of orderliness. This contention is unavailing for the reasons thoroughly articulated by our court in *Ochoa-Salgado*, which explained why there was no controlling precedent on the issue. *Id.* at 618-20 (holding prior decisions where court relied on concessions by government did not prompt rule of orderliness).

Arreola's categorical-match contention is likewise unavailing for the reasons set forth in *Ochoa-Salgado*. *Id.* at 620–22. He advances an identical contention to petitioner in *Ochoa-Salgado* — that a conviction for delivery of less than one gram of cocaine under Texas Health & Safety Code § 481.112(a) and (b) does not categorically match an aggravated felony under the INA as required by *Garcia v. Barr*, 969 F.3d 129, 134 (5th Cir. 2020). In *Ochoa-*

No. 25-60091

*Salgado*, our court expressly held that, even under an offer-to-sell theory, § 481.112(a) is a categorical match to a felony under the CSA. 5 F.4th at 620–22. Accordingly, his conviction is an aggravated-felony drug-trafficking crime under § 1101(a)(43)(B), rendering him ineligible for cancellation of removal under § 1229b. *E.g.*, *Ochoa-Salgado*, 5 F.4th at 616, 620–22.

Finally, Arreola maintains the BIA erred by failing to apply the rule of lenity to resolve ambiguities in the statute in his favor. The rule of lenity applies only when "there is grievous ambiguity or uncertainty in the statute". *Shaw v. United States*, 580 U.S. 63, 71 (2016). In *Ochoa-Salgado*, our court stated: "an offer to sell under § 481.112 constitutes attempted delivery under the CSA". 5 F.4th at 621–22. In short, there is no "grievous ambiguity" necessary to prompt the rule of lenity. *Shaw*, 580 U.S. at 71.

DENIED.